**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JOSEPH PAUL GUARNERI,

                              Plaintiff,

    v.                                      No. 08-CV-792
                                           (TJM/DRH)

R.K. WOOD, Superintendent, Upstate Correctional Facility; M. TIRONE, Deputy Superintendent, Upstate Correctional Facility; L. PEARY, Sergeant of Grievance Program; LESTER WRIGHT, Chief Medical Officer and Associate Commissioner; BRIAN FISCHER, Commissioner; LUCIAN LECLAIRE, Deputy Commissioner; M. TRAVERS, Nurse; N.P. PARMER; CARR, Correctional Officer; WARRINER, Correctional Officer; JOHN DOE, Sergeant; JANE DOE, Nurse Administrator; JOHN DOE, Medical Director; SOUCIA, Law Library Officer; J. DEMARSE, Mental Health Counselor; R. HALLARD, Counselor; GEORGE B. ALEXANDER, NYS Division of Parole; PETER SKINNER, Parole Officer; B. ROBIN, Senior Parole Officer; MR. LOWARY, Parole Area Supervisor; and LUSSEVE, Parole Officer;

                              Defendants.

---

**APPEARANCES:**

JOSEPH PAUL GUARNERI
Plaintiff Pro Se
1597 Candy Hill Road
Middleburgh, New York 12122

HON. ANDREW M. CUOMO
Attorney General for the
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

DEAN J. HIGGINS, ESQ.
Assistant Attorney General

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

Plaintiff pro se Joseph Paul Guarneri ("Guarneri"), formerly an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 alleging that defendants, a DOCS Commissioner, fifteen DOCS employees, and five New York State Parole Officers, violated his constitutional rights under the First, Fifth, Eighth and Fourteenth Amendments. Compl. (Dkt. No. 1). Presently pending is Guarneri's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56. Dkt. No. 59. Defendants oppose the motion. Docket No. 67. For the following reasons, it is recommended that Guarneri's motion be denied.

**I. Background**

The facts are related herein in the light most favorable to defendants as the non-moving parties. See subsection II(A) infra.

On July 21, 2008, Guarneri commenced this action alleging conspiracies to deny medical treatment (Compl. ¶¶ 72-74) and to revoke Guarneri's parole (Compl. ¶ 102). Additionally, Guarneri has alleged retaliation and interference with his access to court in violation of the First Amendment (Compl. ¶¶ 66-69, 83-89); denial of rights pursuant to the confrontation clause and prohibition against self-incrimination in contravention of the Fifth Amendment (Compl. ¶¶ 109-11); deliberate indifference to serious medical needs in violation of the Eighth Amendment (Compl. ¶¶ 33-58, 62-63, 94-95); and banishment from his property and due process violations during the course of his incarceration and

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

2

subsequent parole in contravention of the Fourteenth Amendment (Compl. ¶¶ 39-41, 65-69, 91-93, 103-07).

On November 5, 2009, a pretrial discovery and scheduling order was issued providing for discovery to be completed by March 5, 2010. Dkt. No. 56. Guarneri filed his motion for summary judgment on November 9, 2009, four days after the schedul9ng order was filed and almost four months before the close of discovery. Dkt. No. 59. The motion primarily concerned the DOCS defendants and their provision of medical and mental health treatment and the alleged due process violations. Id. Guarneri did not attach any additional documentation to his complaint, and only attached one three-page exhibit to his motion for summary judgment. Dkt. No. 59, Ex. A. The exhibit contains three documents: (1) a radiology note indicating MRIs were taken sometime in August of 2007; (2) a partial patient history, from approximately September of 2006, generally discussing Guarneri's subjective descriptions of his mental health history throughout his incarceration; and (3) a partial copy of a medical note, dated July 2007. Id.

Despite Guarneri's representations that medical information has been provided upon which to evaluate his Eighth Amendment claims, spanning the time period between April and August, 2008, no such further documentation is found on the docket or has been sent to the court. See Dkt. No. 72 (stating that Guarner has "provide[d] the medical information in his motion for summary judgment as exhibits to that motion . . . ."). On December 3, 2009, defendants filed their response papers seeking the denial of Guarneri's motion based upon their inability without discovery to marshal evidence upon which a defense could be presented. Dkt. No. 67.

Since that time, multiple correspondence has been exchanged between the two parties

3

and the Court. On April 30, 2010, defendants sought an extension of the discovery deadline because Guarneri had missed two separate dates for his deposition in January 2010. Dkt. No. 80 at 1. The deposition was scheduled for Schoharie County to facilitate Guarneri's attendance. Id. at 2. The discovery deadline was extended solely for the purposes of the deposition until June 30, 2010. Id. at 3. The deposition was rescheduled for June, but had to be rescheduled again due to exigent circumstances. Dkt. No. 82. Accordingly, the deadline was once again extended until July 30, 2010. Id. at 2. There is no indication whether or not the deposition occurred.[2]

## II. Discussion

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. Pursuant to the Federal Rules, "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may deny the motion . . . . " Fed. R. Civ. P. 56(f). Accordingly, "when a party facing an adversary's motion for summary judgment reasonably

---

[2] The deadline for filing dispositive motions is September 30, 2010. Dkt. No. 80.

4

advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery . . . ." Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 386 (2d Cir. 2001) (citations omitted).  In order to receive this relief, the party seeking relief must file an affidavit indicating "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Cusamano v. Sobek, 604 F. Supp. 2d 416, 505 (N.D.N.Y.2009) (citations omitted).

   Here, defendants have successfully satisfied the four-factored test described above. First, counsel for the defendants submitted an affidavit outlining his desire to seek the opportunity to gather documents and testimony from the other defendants in order "to establish their defenses and to properly oppose the Motion for Summary Judgment." Higgins Decl. (Dkt. No. 67) ¶ 8.  While some documentation had been obtained prior to Guarneri's motion be filed, all of it had not. Id.  Additionally, Higgins had yet to receive medical releases from Guarneri and, thus, he could not collect from either the state agencies or private providers Guarneri's medical charts or mental health records, or had the time to collect other court records referenced in Guarneri's correspondence which related to the defendants in this motion. Id. ¶¶ 9-11.  Lastly, and most importantly, Guarneri had yet to be deposed. Id. ¶¶ 12-13.

   It is clear that this testimony and documentation is essential to determine the facts surrounding Guarneri's unsupported allegations of constitutional violations.  Without medical records or testimony from the defendants or Guarneri, it is impossible to determine

from what medical conditions Guarneri was actually suffering, what the severity was, what the diagnosis and prognosis were, and what treatment, if any, was contemplated and provided. The same holds true for the administrative records from DOCS, and their importance in establishing the material facts relating to Guarneri's incarceration, to determine whether the facts establish the material elements of the constitutional claims for which Guarneri has alleged violations. Higgins identified the fact that he was marshaling these documents as quickly as possible, but that obtaining some of them were impossible until further documentation had been provided by Guarneri.

With respect to Guarneri's deposition, it is undisputed that the ability to depose parties and witnesses is of utmost importance in litigation. See, Hellstrom v. United State Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (vacating motion for summary judgment and remanding because, inter alia one party "was denied to opportunity to conduct discovery . . . [including] preclu[sion] from taking depositions."). As previously discussed, this testimony is essential to clarify the issues presented in the complaint and determine whether a cause of action exists. Moreover, several pieces of correspondence indicate that defendants' counsel has scheduled the deposition on multiple occasions and it had not yet occurred as of June because of failings, both anticipated and unforeseen, of both parties. Therefore, defendants have shown many good-faith attempts to complete the deposition.

The representations included within the Higgins Declaration indicate more that a "'mere hope' that further evidence may develop," and instead illustrate that this information is crucial to establishing the existence of all material facts upon which judgment must be based. Cusamano, 604 F. Supp. at 505 (citations omitted). Accordingly, the standards required for Rule 56(f) relief have been met and Guarneri's motion should be denied without

prejudice based upon the inability of defendants to fairly and adequately discover material facts and evidence.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Guarneri's motion for summary judgment (Dkt. No. 59) be **DENIED** without prejudice to renewal following completion of discovery**.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 12, 2010
       Albany, New York

_David R. Homer_
United States Magistrate Judge